UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HERSHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV01603 ERW |
| | ) | |
| DR. ALBERT WALKER, | ) | |
| in His Official Capacity as President, | ) | |
| Harris-Stowe State University, | ) | |
| THELMA V. COOK, in Her Official | ) | |
| Capacity as a Member of the Harris-Stowe | ) | |
| Board of Regents, CHARLES H. HOESSLE, | ) | |
| in His Official Capacity as a Member of the | ) | |
| Harris-Stowe Board of Regents, WAYMAN F. | ) | |
| SMITH, III, in His Official Capacity as a | ) | |
| Member of the Harris-Stowe Board of | ) | |
| Regents, CHRISTINE CHADWICK, | ) | |
| in Her Official Capacity as a Member of | ) | |
| the Harris-Stowe Board of Regents, | ) | |
| DEBORAH A. HOLLINGSWORTH, in | ) | |
| Her Official Capacity as a Member of the | ) | |
| Harris-Stowe Board of Regents, REGINALD | ) | |
| DICKSON, in His Official Capacity as a | ) | |
| Member of the Harris-Stowe Board of | ) | |
| Regents, CHRISTOPHER GIVENS, in | ) | |
| His Individual Capacity, Acting as a | ) | |
| Security Guard for Harris-Stowe State | ) | |
| University, and HOWARD RICHARDS, | ) | |
| in His Individual Capacity, Acting as | ) | |
| Executive Director of Security for | ) | |
| Harris-Stowe State University, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Richard Hershey's Motion to Compel Answer to Interrogatories [ECF No. 32]. Plaintiff has brought an action, pursuant to 42 U.S.C. § 1983, for violation of civil rights, against Defendants Dr. Albert Walker, in his official capacity

as President of Harris-Stowe University ("President"); Christopher Givens, in his individual capacity, acting as a security guard for Harris-Stowe State University; Howard Richards, in his individual capacity, acting as Executive Director of Security for Harris-Stowe State University; and the following Members of the Harris-Stowe University Board of Regents (members collectively referred to as "the Board of Regents"), in their official capacities:   Thelma V. Cook, Charles H. Hoessle, Wayman F. Smith III, Christine Chadwick, Deborah A. Hollingsworth, and Reginald Dickson.

In his Amended Complaint, Plaintiff alleges, among other things, that while lawfully on a public sidewalk on the campus of Harris-Stowe State University for the sole purpose of distributing free, noncommercial, educational booklets on behalf of a nonprofit organization named Vegan Outreach, he was approached by Defendant Richards, who advised Plaintiff that he was prohibited from distributing literature in the public areas of the University campus [ECF No. 31].  Plaintiff also alleges that Harris-Stowe State University does not have any written or official policy governing the time, place, or manner of leaflet distribution, or authorizing a University official to regulate the time, place, manner, or identity of persons wishing to distribute literature in the University's public areas.  According to Plaintiff, Defendant Givens approached him during his interaction with Defendant Richards, ordering him to leave the campus immediately, and attempted to physically remove Plaintiff from the campus, using unreasonable force and causing physical injuries.

Plaintiff seeks declaratory and injunctive relief (against President and the Board of Regents), as well as damages (against Richards and Givens), for violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the United States Constitution, including its First, Fourth, and Fourteenth Amendments [ECF No. 31].  Plaintiff also brings Missouri state

law claims for false arrest and false imprisonment (against Richards and Givens), assault and battery (against Givens), malicious prosecution (against Richards and Givens), and false arrest (against Richards and Givens). He seeks compensatory and punitive damages, affirmative and equitable relief, attorney's fees and costs, and such other and further relief as deemed equitable and just. In their Answer to Plaintiff's Amended Complaint, Defendants set forth several affirmative defenses, including, among others, failure to state a claim; preclusion by the doctrines of official immunity, qualified immunity, and public duty; and violation of the Self-Incrimination Clause [ECF No. 39]. Subsequent to filing his Complaint, Plaintiff filed his First Motion for Preliminary Injunction. A hearing on the pending Motion for Preliminary Injunction is scheduled for March 5, 2013.

In his Motion to Compel, Plaintiff states that, in Answers and Objections to Interrogatories he served on Defendants President and Board of Regents, these defendants answered only Interrogatory 1 without objection. Plaintiff claims that he has made a good faith attempt to confer with defense counsel, by both mail and telephone, to secure answers to discovery without court action. He further states that these defendants objected to Interrogatories 2 through 8, failed to provide substantive answers, and were evasive and incomplete in their responses. However, in a memorandum supporting his Motion [ECF No. 33], Plaintiff asserts that Interrogatory 6 is moot, if Defendants no longer claim Harris-Stowe State University is required to be joined as a necessary party. Regarding Interrogatory 7 (calling for disclosure of expert witnesses), and Interrogatory 8 (calling for disclosure of insurance coverage), Plaintiff states that these requests are superfluous, as they request disclosure identical to that required by Rule 26(a).

In their Suggestions in Opposition to Plaintiff's Motion to Compel Answers [ECF No. 41], Defendants claim that they did, in fact, discuss the discovery issue with Plaintiff prior to the January 29 hearing, at which time they told Plaintiff that they would submit a written response to his January 23 e-mail, and that they believed they would be offering to supplement their answers, to some extent.  Defendants claim that, on January 30, they proposed, in writing, two alternatives to resolve the discovery dispute: 1) for Defendants to supplement Defendant Walker's discovery responses to Interrogatories 2 through 4(j)(v), and provide responsive information to these interrogatories, subject to his objections; or 2) for Plaintiff to withdraw his current Interrogatories and serve 25 discrete interrogatories, with a shortened period for Defendants to respond.  Defendants contend that Plaintiff did not respond to their proposals, or engage in any further effort to communicate regarding the matter, prior to Plaintiff's filing of his Motion.  Defendants argue that Plaintiff's Interrogatory requests violate Federal Rule of Civil Procedure 33(a), and that part of the Court's December 13, 2012 Case Management Order ("CMO") [ECF No. 22], which states "[t]he presumptive limits of . . . twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply."  According to Defendants, Plaintiff's Interrogatory Requests [ECF Nos. 41-2 through 41-8] to each of the defendants contain ninety (90) enumerated sub-parts, many of which are discrete inquiries, separate and distinct from the inquiry made by the portion of the interrogatory preceding them, such as to require the sub-parts to be considered as separate interrogatories, regardless of their designation.  Defendants argue that, because Plaintiffs failed to seek leave to exceed the number of interrogatories permitted under Rule 33(a)(1) and the Court's CMO, Defendants' objections are appropriate, and they are not obligated to answer the improper discovery.  Defendants object to Interrogatories 7 and 8 solely on this basis.  Although Defendants also assert this objection as to Interrogatories 4, 5, and

6, they additionally object to Interrogatories 2, 3, 4, 5, and 6, on bases that the interrogatories variously: 1) seek information protected by the attorney work product and attorney-client privilege doctrines; 2) are vague, ambiguous and overly broad; 3) are overly broad and unduly burdensome in that they are unlimited in time; and 4) are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that they seek personnel information of individuals who are not a party to the case and have no knowledge of the relevant facts.

Plaintiff contends Defendants have waived their objections that are based on the doctrines of attorney client privilege and attorney work product, because Defendants did not serve a privilege log at the time they served their Answers and Objections to Plaintiff's First Interrogatories. Defendants argue that Federal Rule of Civil Procedure 26(b)(5) does not expressly require provision of a privilege log at the time a party asserts such an objection to interrogatories.

A hearing on Plaintiff's Motion to Compel was held on February 22, 2013. During the hearing, the parties announced that they had discussed accommodations that would meet the needs of both parties. Among other things, the parties requested that the preliminary injunction hearing scheduled for March 5 be continued by agreement, to allow the parties time to participate in mediation. The parties will arrange for mediation, as is mutually agreeable. They agreed that, should it should become necessary, a hearing would be reset upon the parties' request. The parties also indicated that the Board of Regents agrees to delay any amendment of the University's policies governing the time, place, or manner of leaflet distribution, or authorizing a University official to regulate the time, place, manner, or identity of persons wishing to distribute

5

literature in the University's public areas, to allow Plaintiff to provide input into any amendment. Both parties agreed to withdraw any requests for sanctions or attorney's fees.

As to accommodating Plaintiffs' Interrogatory requests, the parties agreed generally that Plaintiff would propound one set of Interrogatories only to President Walker , who would answer in his official capacity as President of the University, on behalf of the University and the Board of Regents Members. They further indicated that President Walker's answers will be identified as institutional, rather than personal, knowledge. Plaintiff agreed to withdraw Interrogatories 6, 7, and 8, as moot, and to modify and limit Interrogatories 2 through 5, as discussed on the hearing record. Defendants agreed to supplement their answers, including supplying Plaintiff with pictures of the incident captured on the University's security video with time stamps and identification of the pictured individuals. The Court commends Plaintiff and Defendants for their cooperation in reaching agreement regarding the Interrogatory Requests, and achieving accord on other matters in an effort to progress resolution of the issues.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Richard Hershey's Motion to Compel Answer to Interrogatories [ECF No. 32] is **GRANTED in part,** and **DENIED as moot, in part**. Defendant President Walker shall answer Plaintiff's proposed Interrogatories 2 through 5, modified as discussed on the February 21, 2013 hearing record and above. The Motion to Compel is denied as moot as to Interrogatories 6 through 8, as Plaintiff has withdrawn these requests. Both parties withdraw any requests for sanctions or attorney's fees.

**IT IS FURTHER ORDERED** that the Court's January 28, 2013 Order setting Plaintiff's pending Motion for Injunction for hearing on March 5, 2013, is **VACATED**, to allow the parties time to participate in mediation. The parties will arrange for mediation, as is mutually agreeable.

In the event the parties are unable to resolve the matter through mediation, a hearing will be reset upon the parties' request. The Board of Regents for Harris-Stowe State University shall delay any amendment of the University's policies governing the time, place, or manner of leaflet distribution, or authorizing a University official to regulate the time, place, manner, or identity of persons wishing to distribute literature in the University's public areas, to allow Plaintiff to provide input into any amendment.

**IT IS FURTHER ORDERED** that a Status Conference shall be held on April 2, 2013 at 8:30 a.m. The Court will initiate this Telephone Hearing with counsel on the date and time set forth above.

Dated this __22nd__ day of February, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE